

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00825-CV

**IN RE** Ailyn C. **ESLICK**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed: January 2, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On December 11, 2012, relator Ailyn C. Eslick filed a petition for writ of mandamus. Relator makes numerous complaints with regard to the hearing held by the trial court on August 13, 2012, at which relator's petition for writ of habeas corpus to regain possession of the child R.A.E. was denied and temporary orders were granted in favor of real party in interest Jessy O. Eslick.

However, mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). As to relator's complaint the trial court erred in failing to grant relator's request for the trial court to decline jurisdiction because Texas is an inconvenient

---

[1] This proceeding arises out of Cause No. 2010-CI-13143, styled *In the Interest of R.A.E.*, and Cause No. 2012-CI-12387, styled *Ex Parte R.A.E.*, both pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding. However, the orders complained of were signed by the Honorable John D. Gabriel, presiding judge of the 131st Judicial District Court, Bexar County, Texas.

forum, there is no order in the record indicating the trial court has ruled on relator's motion. Relator has the burden of providing this court with a record sufficient to establish her right to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1); TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relator contends that because the trial court entered temporary orders providing that R.A.E. should stay in Texas the trial court has effectively denied relator's motion. We disagree and conclude that without an order in the record on relator's motion we cannot review the merits of relator's complaint. *Id.*

As to relator's remaining issues, based on the record before us we conclude relator has failed to establish the trial court abused its discretion. *See Prudential*, 148 S.W.3d at 135. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM